

FILED

2010 Mar-23  AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| BONNIE M. WHISMAN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 6:09-CV-00284-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Bonnie M. Whisman, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and period of disability.  Ms. Whisman timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Whisman was fifty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has an eleventh grade education.

(Tr. at 92.)  Her past work experiences include employment as a post office clerk (mail handler), assembly line worker, housekeeper, construction laborer, and seamstress.  (*Id*. at 78-79, 82, 88-89, 193.)  Ms. Whisman claims that she became disabled on March 31, 2005, due to high blood pressure, deep vein thrombosis, obesity, depression, sleep apnea, migraines, restless leg syndrome, panic attacks, post traumatic stress disorder, weakness, short term memory loss, and blurred vision.  (*Id*. at 218-19.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341

(5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id*.  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id*.  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id*.  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id*.

Applying the sequential evaluation process, the ALJ found that Ms. Whisman met the nondisability requirements for a period of disability and DIB and was insured through March 31, 2005.  (Tr. at 218.)  He further determined that Ms. Whisman has not engaged in substantial gainful activity since the alleged onset of her disability.  (*Id*.)  According to the ALJ, Plaintiff's high blood pressure, history of deep vein thrombosis and obesity are considered "severe" based on the requirements set forth in the regulations.  (*Id*.)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id*. at 222.)  The ALJ did not find Ms. Whisman's allegations to be totally credible, and he determined that she has the following residual functional capacity:  light work with a sit-stand option; she cannot be around dangerous moving machinery or unprotected heights; she cannot climb ladders/ropes/scaffolds; and she can only occasionally climb ramps and stairs.  (*Id*. at 222-23.)

According to the ALJ, Ms. Whisman is able to perform her past relevant work as a production assembler, a housekeeper, and sewing machine operator.  (*Id*. at 226.)  The ALJ concluded his findings by stating that

Plaintiff "was not under a disability, as defined in the Social Security Act, at any time on or before March 31, 2005, the date last insured." (*Id*. at 227.)

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id*.  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo*

*v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court

finds that the evidence preponderates against the Commissioner's decision,

the Court must affirm if the decision is supported by substantial evidence.

*Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this

deferential standard [for review of claims] it is imperative that the Court

scrutinize the record in its entirety to determine the reasonableness of the

decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).

Moreover, failure to apply the correct legal standards is grounds for reversal.

*See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Ms. Whisman alleges that the ALJ's decision should be reversed and

remanded because she believes that the ALJ showed prejudice that

prevented him from giving unbiased consideration to her application for

benefits. (Doc. 7.)

A.    Bias of ALJ.

Plaintiff contends that the ALJ was improperly biased against her

claim.  (Doc. 7.)  ALJs are presumed to be unbiased and exercise their

decision-making authority with honesty and integrity.  *Schweiker v. McClure*,

456 U.S. 188, 195-96 (1982); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). These presumptions can only be overcome by demonstration of either a conflict of interest of the ALJ or another specific reason for disqualification. *McClure* 456 U.S. at 195.  Plaintiff must show the ALJ either derived his opinion from an extrajudicial source or engaged in conduct that "reveal[s] such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)).

Plaintiff's claims of bias rest on the unique procedural history of this case.  In an unfavorable decision dated July 12, 2006, ALJ Stout, the same ALJ who issued the unfavorable ruling in the present matter, gave little weight to the opinions of Dr. Mashburn and Dr. Blotcky.  (Tr. at 18.)  The ALJ explained that he believed Dr. Mashburn only expressed his opinion "in an effort to assist a patient with whom he or she sympathizes for one reason or another."  *Id*. at 18.  He further stated that Dr. Blotcky "has never, in the experience of the [ALJ] been known to not find a disability on referral."  (Tr. at 18.)  Plaintiff appealed this ruling, claiming that the comments of the ALJ evidenced bias against her and her physicians.  (Tr. at 7-10.)  Following Plaintiff's appeal of the ALJ's decision, the Commissioner filed a motion for

entry of judgment requesting remand "to evaluate Dr. Blotcky's opinion independent of his history in prior disability determinations, consider Dr. Mashburn's opinion based on its medical value and independent of any motives he may have had, give Plaintiff the opportunity for a new hearing, and conduct any other proceedings the Commissioner deems appropriate." (Tr. at 244.)  On May 1, 2007, the district court granted the Commissioner's motion, ordering the decision reversed and the case remanded for further proceedings as set out in the Commissioner's motion.   (Tr. at 247.) Following remand, Plaintiff's case was assigned, once again, to ALJ Stout. On April 30, 2008, after another hearing and after conducting a fresh review of Plaintiff's medical history, the ALJ issued another unfavorable decision denying the claimant disability benefits.  (Tr. at 213.)

Plaintiff maintains that the ALJ was biased against Plaintiff and should not have been assigned her case following remand.  Plaintiff bases this claim on the finding that the ALJ had improperly considered the opinions of the two physicians in his original opinion and on his "further disparagement of Dr. Blotcky's and Dr. Mashburn's opinions in the second decision."  (Doc. 7 at 12.)

The Commissioner explains in his memorandum in support of the ALJ's decision that the choice was made to support remand of the now-vacated 2006 judgment of ALJ Stout because his discussion of Dr. Blotcky's opinion "could have been interpreted as bias under *Miles v. Chater*, 84 F.3d 1397 (11th Cir. 1996)."  (Doc. 8 at 8-9 n.3.)  In *Miles*, the ALJ rejected the opinion of one of the claimant's consulting physicians, stating, "Dr. McLain's examinations . . . almost invariably conclude that the person being examined is totally disabled."  *Id.* at 1399.  The Court finds this citation interesting as the Eleventh Circuit clearly stated in *Miles* that, given the ALJ's bias, the claimant was "entitled to an unbiased reconsideration of her application for benefits before a *different* ALJ."  *Id.* at 1401 (emphasis added).[1]  The Eleventh Circuit cited to 20 C.F.R. § 404.940 in support of this position.  That provision provides a remedy should a claimant show an ALJ lacks impartiality.  One remedy, not surprisingly, is a new hearing, one held "before another administrative law judge."  *Id.*

---

[1] This holding of the Eleventh Circuit, in a case cited by Defendant, would seem to contradict the claim in Defendant's brief that "there is no precedential Eleventh Circuit caselaw that mandates the Commissioner to reassign the matter to a new ALJ under the present circumstances."  (Doc. 11 at 14.)

The Defendant attempts to avoid remand by arguing that the ALJ's latest opinion is well supported by the evidence and absent any obvious bias. But once an ALJ has been shown to possess some prejudice against the claimant's case, it is too late to argue the evidence before this Court.  The standard of review in disability actions requires this Court to give great deference to the ALJ, thus making his impartiality "integral to the integrity of the system."  *Miles*, 84 F.3d at 1401.  In *Miles,* the Eleventh Circuit cited favorably the Third Circuit's opinion in *Ventura v. Shalala*, 55 F.3d 900 (3d Cir. 1995).  In that case, the court noted that when bias is shown, "it is the conduct of the hearing, not the content of the evidence," that matters.  *Id.* at 901.  The Court in *Ventura* further stated that "even if the record was totally devoid of evidence to support a finding of disability," bias could still fatally taint an ALJ's decision because of his unique responsibilities and affirmative obligations to the claimant.  (*Id.* at 904.)

In its motion to reverse the ALJ's first opinion, the Commissioner asked that Plaintiff have her medical history reviewed free of any preconceived notions regarding Dr. Blotcky and Dr. Mashburn and that she be given "the opportunity for a new hearing."  (Tr. at 244.)  That hearing should have been

held in front of a different ALJ.[2]

IV.    Conclusion.

Upon review of the administrative record, and considering all of Ms. Whisman's arguments, the Court finds the Commissioner erred in failing to assign a new ALJ to her claim following remand based on the bias of the original ALJ.   The Court finds that this action is due to be remanded for consideration of Plaintiff's claims by a different ALJ.   A separate order will be entered.

Done this 23rd day of March 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671

---

[2] The Defendant points to a 1993 Seventh Circuit case that, "in a similar circumstance" (Doc. 8 at 12), found a district court exceeded its authority in ordering remand to a different ALJ.  *Travis v. Sullivan,* 985 F.2d 919, 924 (7th Cir. 1993).  Not only does this case predate the *Miles* opinion by three years, it is non-binding and *explicitly* states that "there is no evidence of bias or partiality by the original ALJ."  *Id.* at 924.  Clearly, *Travis* has no bearing on the present action and the Defendant's citation to it borders on a disingenuous attempt to mislead this Court.